MARY'S OPINION HEADING 






                                                                                    NO. 12-03-00042-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
MARK ANTHONY BAXTER,                           §                 APPEAL FROM THE 7TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            A jury convicted Appellant of aggravated assault against a public servant and assessed his
punishment at imprisonment for fifty years. Appellant presents four issues attacking the legal and
factual sufficiency of the evidence, and contending that the trial court erred in refusing to submit
several lesser included offenses to the jury in its charge, and in failing to give the required charge
on presumptions mandated by Texas Penal Code Section 2.05(2). We affirm.
 
Background
            Tyler police officers Damon Swan (“Swan”) and Matthew Leigeber (“Leigeber”) answered
a loud noise and possible drug activity complaint in the 1400 block of West Fourth Street in Tyler. 
They parked their cars around the corner from Fourth Street and approached a group of about six
people gathered around a vehicle parked in a driveway on Fourth Street with its lights on and its
engine running. As they approached, the car’s driver raced the engine, backed quickly out of the
driveway, and sped away from the officers. Leigeber was walking toward the disturbance through
the yards while Swan walked near the cars parked in the street. Someone yelled, “Police,”
whereupon most of the crowd ran onto the porch and into the house. The same car that had just so
hastily departed returned, engine racing and tires squealing, and screeched to a stop near the
driveway where it had been parked earlier. Leigeber approached the front passenger window of the
vehicle while Swan stood in the road illuminated by the car’s headlights. Both officers were dressed
in standard Tyler police uniforms, and carried flashlights which they kept focused on the driver,
Appellant. Leigeber identified himself to Appellant and asked him to turn off the engine. Appellant
responded something to the effect of, “Hey, police, why don’t you shut the car off for me.” Leigeber
bent over, looked inside the passenger side window, and told Appellant to show his hands because
Leigeber could not see Appellant’s left hand. Appellant looked quickly at Leigeber and then through
the windshield at Swan. He then drove directly at Swan who was fifteen or twenty feet away. As
the car came toward him, Swan dove aside and vaulted off the right side of the vehicle. When the
car accelerated, Leigeber with a drawn revolver had jumped halfway through the passenger window
yelling at Appellant to stop. Leigeber’s legs struck Swan knocking Leigeber out of the car window
onto the pavement in the middle of the street. Leigeber rolled a couple of times, looked up, and saw
Appellant’s vehicle in the distance fleeing at a high rate of speed. Swan agreed with defense counsel
that Appellant was driving recklessly that night. But Swan also stated that he believed that
Appellant’s actions in racing the engine and accelerating toward him were done knowingly and
intentionally.
            Appellant did not testify.
 
Legal and Factual Sufficiency
            In his first and second issues, Appellant challenges the legal and factual sufficiency of the
evidence.
Standard of Review
            In reviewing a legal sufficiency challenge, the appellate court examines the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 407 U.S. 307,
315-16, 99 S. Ct. 2781, 2787, 61 L. Ed. 2d 560 (1979); Whitaker v. State, 977 S.W.2d 595, 598
(Tex. Crim. App. 1998). In conducting a factual sufficiency review, the appellate court must sustain
the verdict unless a neutral review of all the evidence, both for and against the challenged finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
factfinder’s determination, or the proof of guilt, although adequate if considered alone, is greatly
outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).
            Penal Code section 22.02 in pertinent part reads, as follows:
 
              (a)          A person commits an offense if the person commits an assault as defined in § 22.01
and the person:

                            . . . .
 
                            (2)         uses or exhibits a deadly weapon during the commission of the
assault.
 
              (b)         An offense under this section is a felony of the second degree, except that the
offense is a felony of the first degree if the offense is committed:

                            . . . .
 
                            (2)         against a person the actor knows is a public servant while the
public servant is lawfully discharging an official duty.


Tex. Pen. Code Ann. § 22.02(a), (b) (Vernon 2003).
            Appellant argues that the evidence is legally and factually insufficient to prove that he knew
Officer Swan was discharging an official duty at the time of the assault. Appellant concedes that
ordinarily Texas law does not require the State to prove that the defendant knew that the peace
officer was lawfully discharging an official duty. See Montoya v. State, 744 S.W.2d 15, 30 (Tex.
Crim. App. 1987). However, he contends that if the court incorporates in its charge language placing
the burden on the State to show that the defendant knew the officer was discharging an official duty,
then the State is held to the higher burden. See Arceneaux v. State, 803 S.W.2d 267, 270-71 (Tex.
Crim. App. 1990).
            The charging paragraph reads, as follows:
 
              Now, if you find from the evidence beyond a reasonable doubt that on or about the 21st day
of June, 2002, in Smith County, Texas, the Defendant, Mark Anthony Baxter, did then and there
intentionally and knowingly threaten Damon Swan with imminent bodily injury and did then and there
use or exhibit a deadly weapon, to-wit: an automobile, during the commission of the said assault, and
the Defendant did then and there knew [sic] that the said Damon Swan was then and there a public
servant, to-wit: a City of Tyler Texas Police Office, and that the said Damon Swan was then and there
lawfully discharging an official duty, to-wit: investigating a disturbance and possible drug activity
then you will find the Defendant guilty of Aggravated Assault on a Public Servant, as charged in the
indictment. (Emphasis added).


            The cases relied upon by Appellant, Arceneaux and its kindred, have been overruled by the
court of criminal appeals in Malik v. State, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997). Since
Malik, evidentiary sufficiency is no longer measured against the application paragraph of the charge
given, but by the elements of the offense as defined by the hypothetically correct jury charge for the
case.
 
Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the defendant was tried.


Malik, 953 S.W.2d at 240. As Appellant acknowledges, proof that the defendant knew the peace
officer was lawfully discharging an official duty is not required. See Montoya, 744 S.W.2d at 30;
see also Salazar v. State, 643 S.W.2d 953, 956 (Tex. Crim. App. 1983). Moreover, there is legally
and factually sufficient evidence that Appellant knew the officers were performing an official
function. They were both dressed in police uniforms. They were dispatched to the 1400 block of
West Fourth Street to investigate a disturbance possibly involving drug activity. As they entered
Fourth Street, they saw Appellant’s car in the driveway surrounded by a noisy group. As the officers
approached, Appellant backed out of the driveway and drove off while the other people in the front
yard ran into the house. When Appellant returned, Officer Leigeber introduced himself in a routine
nonthreatening manner. But when Appellant saw Officer Swan in front of his car approaching the
driver’s side, apparently to question him, he drove his car at Swan in an effort to escape. It is
reasonable to infer from these circumstances that Appellant fled to avoid the officer’s investigation
of the disturbance and possible drug activity. Appellant’s first two issues are without merit and are
overruled.
 
Lesser Included Offenses
            In his third issue, Appellant claims the trial court erred in refusing to submit in its charge the
lesser included offenses of Class A and C misdemeanor assault, and terroristic threat.
Applicable Law
            A defendant is entitled to a lesser included offense instruction if (1) the lesser offense is
included within the proof necessary to establish the offense charged, and (2) there is some evidence
in the record that would permit a jury to rationally find that if the defendant is guilty, he is guilty only
of the lesser included offense. See Westbrook v. State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000),
cert. denied, 532 U.S. 944, 121 S. Ct. 1407, 149 L. Ed. 2d 349 (2001). The evidence must establish
the lesser included offense as a rational alternative to the charged offense. Id. An offense is a lesser
included offense if (1) it is established by the proof of the same or less than all the facts required to
establish the commission of the charged offense, (2) it differs from the offense charged only in the
respect that a less serious injury or risk of injury to the same person, property, or public interest
suffices to establish its commission, (3) it differs from the offense charged only in the respect that
a less culpable mental state suffices to establish its commission, or (4) it consists of an attempt to
commit the offense charged or an otherwise included offense. Tex. Code Crim. Proc. Ann. art.
37.09 (Vernon 1981).
            A defendant is entitled to an instruction on every issue raised by the evidence, whether
produced by the State or the defendant and whether it is strong, weak, unimpeached, or contradicted. 
Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). The credibility of the evidence and
whether it is controverted or conflicts with other evidence in the case may not be considered in
determining whether the requested instruction should be given. Hobson v. State, 644 S.W.2d 473,
477 (Tex. Crim. App. 1983). “There are two ways in which the evidence may indicate that a
defendant is guilty only of the lesser offense. First, evidence may refute or negate other evidence
establishing the greater offense. Second, a defendant may be shown to be guilty of the lesser offense
if the evidence presented is subject to different interpretations.” Richardson v. State, 832 S.W.2d
168, 171 (Tex. App.–Waco 1992, pet. ref’d).
            Class A assault is a lesser included offense of aggravated assault committed against a public
servant. See Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon 2003). Class A assault, however, must
cause bodily injury to another. Id. Appellant was not charged with causing injury to Swan, and
there is no evidence that Officer Swan suffered any injury in the assault. Since there was no proof
that Appellant, if guilty, was only guilty of Class A misdemeanor assault, the trial court did not err
in refusing to charge the jury on Class A assault.
            In order to have found that Appellant committed Class C assault, the jury would have been
required to find that Appellant intentionally or knowingly threatened Swan with imminent bodily
injury without using or exhibiting his automobile, which the uncontradicted evidence shows was,
in the manner of its use, a deadly weapon. See Tex. Pen. Code Ann. §§ 22.01(c); 22.02(a)(1)
(Vernon 2003). If Swan was intentionally or knowingly threatened at all, and there is no evidence
that he was not, Appellant manifested the threat through his use of his car, by driving it straight
toward Swan. In order to knowingly and intentionally threaten another with imminent bodily injury
by using an automobile, the actor must necessarily use or intend to use the automobile as a deadly
weapon. Given the uncontradicted evidence in this case, no rational jury could have found Appellant
guilty of intentionally and knowingly threatening Swan with imminent bodily injury without also
finding that the threat was expressed and communicated by Appellant’s use of his vehicle. The trial
court did not err in refusing an instruction for Class C misdemeanor assault.
            Appellant’s request for a Class B misdemeanor terroristic threat instruction suffers from the
same infirmity. A person commits an offense if he threatens to commit any offense involving
violence to any person or property with intent to place any person in fear of imminent bodily injury. 
Tex. Pen. Code Ann. § 22.07(a)(2) (Vernon 2003). Appellant argues that it is not seriously
contested that his actions placed Officer Swan in fear of imminent bodily injury; therefore, the
charge should have been submitted. But in order to have found that Appellant, if guilty of anything,
was guilty only of terroristic threat, the jury would have had to ignore the undisputed evidence that
Appellant threatened a peace officer with a deadly weapon while the officer was performing an
official duty. There is no evidence in this case supporting a finding of terroristic threat as a valid
rational alternative to the charged offense of aggravated assault against a public servant. See
Westbrook, 29 S.W.3d at 113. The court did not err in denying the instruction. Appellant’s third
issue is overruled.
 
Presumption Instruction
            In his fourth and final issue, Appellant contends the trial court erred in failing to give the
special charge under Penal Code section 2.05(2) after giving a Penal Code section 22.02(c)
instruction on a presumed fact. The instruction given stated, “The defendant is presumed to have
known the person assaulted was a public servant if the person was wearing a distinctive uniform or
badge indicating the person’s employment as a public servant.” See Tex. Pen. Code Ann.
§ 22.02(c) (Vernon Supp. 2004).
            If the trial court includes a section 22.02(c) instruction on a presumed fact, section 2.05(2)
mandates that the trial court charge the jury 
 
              (A)        that the facts giving rise to the presumption must be proven beyond a reasonable
doubt;
              (B)         that if such facts are proven beyond a reasonable doubt the jury may find that the
element of the offense sought to be presumed exists, but it is not bound to so find;
              (C)         that even though the jury may find the existence of such element, the state must
prove beyond a reasonable doubt each of the other elements of the offense charged;
and
              (D)        if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to
the presumption, the presumption fails and the jury shall not consider the
presumption for any purpose.


(Vernon 2003). The trial court erred in not including this mandatory instruction in the charge. See
Anderson v. State, 11 S.W.3d 369, 373-74 (Tex. App.–Houston [1st Dist.] 2000, pet. ref’d); Rudd
v. State, 921 S.W.2d 370, 372-73 (Tex. App.–Texarkana 1996, pet. ref’d).
            Appellant raised no objection to this omission at trial. In the absence of objection to charge
error, reversal is required only if the harm is so egregious that the defendant has not had a fair and
impartial trial. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). The reviewing
court is to determine harm in the light of the entire jury charge, the state of the evidence, including
contested issues, the weight of probative evidence, the argument of counsel, and any other relevant
information revealed by the record as a whole. Id. 
            In this case, both officers wore regular Tyler Police Department uniforms. Officer Leigeber
was within five feet of Appellant and had already introduced himself as a policeman before the
assault occurred. When Leigeber told Appellant to turn off the ignition, Appellant replied, “Hey
police, why don’t you shut the car off for me.” Officer Swan was fifteen or twenty feet in front of
Appellant’s car, illuminated by its headlights. As the officers approached the scene, Appellant
hastily backed his car out of the driveway and drove away rapidly. Someone in the crowd that had
been gathered around Appellant’s car recognized the officers as policemen and yelled, “Police,”
prompting the group to run out of the yard into the house.
            Although the trial court erred in omitting to give the charge required by section 2.05 of the
Penal Code, the harm to Appellant cannot be characterized as so egregious that it deprived him of
a fair and impartial trial. There was an abundance of evidence before the jury supporting the
presumption and absolutely no evidence contradicting it. Appellant’s fourth issue is overruled.
 
Conclusion
            Having overruled Appellant’s first, second, third, and fourth issues, the judgment of the trial
court is affirmed.
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
 

Opinion delivered May 28, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.













(DO NOT PUBLISH)